MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540
(609) 919-6609/6656
Richard G. Rosenblatt
Valerie E. Manos
Attorneys for Defendant Cognizant
Technology Solutions Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VASSILIKI KOUKOUTAS,<br><br>Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS, INC. a corporation,<br><br>Defendants. | Civil Action No._____<br><br>**NOTICE OF REMOVAL**<br><br>**Document Filed Electronically** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Cognizant Technology Solutions Corporation (incorrectly named in the Complaint as "Cognizant Technology Solutions, Inc.") hereby removes this action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Hudson County. The grounds for removal are as follows:

1.   On or about April 26, 2011, Vassiliki Koukoutas commenced this action by filing a Summons and Complaint in the Superior Court of New Jersey, Law Division, Hudson County (Docket No. L-2246-11), against Cognizant. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Plaintiff served a copy of the Summons and Complaint on Cognizant on or about May 3, 2011. No other proceedings have been held in this action, and the Summons and Complaint constitute all processes and pleadings served upon Cognizant in this action.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of any possible service of the Summons and Complaint. Since Cognizant is filing this Notice on May 27, 2011, removal is timely.

4. The time for Defendant to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. In her Complaint, Plaintiff asserts one claim for disability discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. (Count One), and one claim of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, et seq. (Count Two).

6. 28 U.S.C. § 1331 provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …"

8. Defendant removes this action pursuant to 28 U.S.C. §1441(a) on the basis that the above-captioned matter is a civil action over which this Court has federal question jurisdiction under the provisions of 28 U.S.C. §1331, in that Plaintiff asserts a claim against Defendant for violations of the federal FMLA. See Compl., Count Two.

9. In addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's remaining NJLAD claim, which arises out of the same nucleus of operative facts; her employment with, and ultimate termination from Cognizant. Accordingly, this entire action is removable under § 1441(a) and (c).

10. Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Law Division, Hudson County, where this action was originally filed.

11. By filing the Notice of Removal in this matter, Cognizant is not waiving any defenses or objections it may have, and specifically reserves their right to assert any and all defenses and/or objections in this case.

12. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court, State of New Jersey, Law Division, Hudson County.

**WHEREFORE,** Notice is given that this action is removed from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

/s/ Valerie E. Manos
Richard G. Rosenblatt
Valerie E. Manos
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
Phone: (609) 919-6609/6656
*Attorneys for Defendant Cognizant Technology Solutions Corporation*

DATED: May 27, 2011

# EXHIBIT A

KRUMHOLZ DILLON, PA
Attorneys at Law
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
(201) 656-7270 (Fax)

| | |
|---|---|
| VASSILIKI KOUKOUTAS,<br><br>Plaintiff<br><br>vs.<br><br>COGNIZANT TECHNOLOGY<br>SOLUTIONS, INC., A CORPORATION<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>COUNTY OF HUDSON<br>LAW DIVISION<br><br>DOCKET NO.: HUD L-2246 11<br><br>CIVIL ACTION |

## SUMMONS

From the State of New Jersey
To the Defendant named above:
COGNIZANT TECHNOLOGY SOLUTIONS, INC., A CORPORATION

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these office is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: May 4, 2011.

                                                          THEODORE J. FETTER
                                                           SUPERIOR COURT CLERK

NAME OF DEFENDANT TO BE SERVED:
COGNIZANT TECHNOLOGY SOLUTIONS
Address of the Defendant to be served:
500 Frank W Burr Boulevard
Glenpointe Centre West
Teaneck, NJ 07666

\* $105.00 For Chancery Division Cases or
  $110.00 For Law Division Cases

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS

                    DATE:    APRIL 29, 2011
                    RE:      KOUKOUTAS VS COGNIZANT TECHNOLOGY SOLUTIONS TI
                    DOCKET:  HUD L -002246 11

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ESTHER SUAREZ

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 795-6116.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                                  ATT: ALAN L. KRUMHOLZ
                                  KRUMHOLZ DILLON PA
                                  574 SUMMIT AVE
                                  JERSEY CITY         NJ 07306

JJJPATE
```



RECEIVED MAY 0 3 2011 By_____

MAY 3 2011

# IMPORTANT REMINDER

You have recently filed a complaint in the Law Division, Hudson County. Enclosed please find a copy of the complaint marked "Filed" and the Track Assignment Notice (TAN). Please be sure to use the assigned docket number on all future pleadings, correspondence, etc.

You are reminded of the following:

- R.4:4-1 requires that the summons is to be issued within 15 days from the date of the Track Assignment Notice.

- R.4:4-7 requires that "proof of service" shall (mandatory) be promptly filed with the court within the time during which the person served must respond (35 days) by the person making service or by the party on whose behalf service is made.

- "Proof of Service" should be filed with the Team indicated on the TAN

- Please carefully read, understand and follow R.4:24-1, Time for Completion of Discovery, and R.4:24-2, Motions Required to Be Made During Discovery Period.

- Always be aware of the operative Discovery End Date (DED) for your case. If in doubt, you can contact the Team indicated on the TAN or this information may be found on the Judiciary's website homepage at www.njcourtsonline.com under the heading "civil discovery end date search".

Peter F. Bariso, Jr.
Presiding Judge Civil Division



FILED
TEAM #1
APR 26 2011
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #12

**KRUMHOLZ DILLON, PA**
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
Attorneys for Plaintiff

| | |
|---|---|
| VASSILIKI KOUKOUTAS,<br><br>   Plaintiff<br><br>vs.<br><br>COGNIZANT TECHNOLOGY<br>SOLUTIONS, INC., a corporation<br><br>   Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>COUNTY OF HUDSON<br><br>DOCKET NO.: L-2246-11<br><br>CIVIL ACTION |

### COMPLAINT

Plaintiff, Vassiliki Koukoutas, residing at 196 West 25th Street, C-3, Bayonne, NJ 07002, complaining of the Defendant, says:

### FIRST COUNT

1. That the plaintiff, Vassiliki Koukoutas, was employed by the defendant, Cognizant Technology Solutions, Inc., a corporation, in the capacity of Executive Assistant for the period of October 2009 until the termination of her employment on or about January 19, 2011 and performed services in accordance with the expectations of her employer and was paid wages in accordance therewith.

2. That during the period of her employment in about October 2010, the plaintiff became afflicted with a neurological condition which caused her to require medical treatment and to lose occasional time from her work.

3. That plaintiff did seek such treatment and was thereafter ordered by her doctor to remain away from work for approximately ten days in December 2010, during which time she underwent medical treatment.

4. That the plaintiff did provide the defendant with a medical certification from her doctors providing a return to work date of December 20, 2010.

5. That on or about January 6, 2011, defendants did terminate the plaintiff's employment effective January 19, 2011.

6. That said termination arose as the result of the plaintiff's having sustained a disability for which she required medical treatment and time off from work.

7. That the plaintiff was prepared to return to work and was able to return to work following her period of disability.

8. That the defendant did fail to accommodate the plaintiff's need for lost time for medical treatment for her neurological disability.

9. That the termination of the plaintiff's employment constituted disability discrimination in violation of the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, *et seq.*

10. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages and equitable relief on this Count of the Complaint against any or all of the said defendants, together with interest, attorney fees and costs of suit.

## SECOND COUNT

Plaintiff repeats the allegations of the previous Count of the Complaint and incorporates same herein by reference and further says:

1. That the plaintiff was entitle to the benefits of the Federal Family and Medical Leave Act 29 USC 2601, *et seq.*

2. That the defendant did deny the benefits and rights under the Federal Family and Medical Leave Act.

3. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain

future employment.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages and equitable relief on this Count of the Complaint against any or all of the said defendants, together with interest, attorney fees and costs of suit.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alan L. Krumholz is hereby designated as trial counsel for Plaintiff in the within matter.

### R.4:5-1 CERTIFICATION

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or

Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action.

                                                **KRUMHOLZ DILLON, P.A.**
                                                **Attorneys for Plaintiff**

                                                _____
                                                ALAN L. KRUMHOLZ

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing; under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | CK  CG  CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| ALAN L. KRUMHOLZ, ESQ. | (201) 656-5232 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| KRUMHOLZ DILLON, PA | L-2246-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 574 Summit Avenue<br>Jersey City, NJ 07306 | COMPLAINT |
| | JURY DEMAND  XX YES  ☐ NO |

| NAME OF PARTY (eg, John Doe, Plaintiff) | CAPTION |
|---|---|
| Vassiliki Koukoutas | Vassiliki Koukoutas v. Cognizant Technology Solutions |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 6ip | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (IF KNOWN)  ☐ NONE |
|---|---|
| | UNKNOWN ☒ |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION  LAD, FMLA Violations

| DO PARTIES HAVE A CURRENT, PAST, OR RECURRENT RELATIONSHIP?  ☒ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP:  ☒ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION  ☐ |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE? |
|---|---|

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 12/01/2010, CN10517-English

| SIDE 2 | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial pleadings (not motions) under Rule 4:5-1 |
|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151    NAME CHANGE
- 175    FORFEITURE
- 302    TENANCY
- 399    REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502    BOOK ACCOUNT (debt collection matters only)
- 505    OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506    PIP COVERAGE
- 510    UM Or UIM CLAIM (coverage issues only)
- 511    ACTION ON NEGOTIABLE INSTRUMENT
- 512    LEMON LAW
- 801    SUMMARY ACTION
- 802    OPEN PUBLIC RECORDS ACT (summary action)
- 999    OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305    CONSTRUCTION
- 509    EMPLOYMENT (other than CEPA or LAD)
- 599    CONTRACT/COMMERCIAL TRANSACTION
- 603N    AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold)
- 603Y    AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold)
- 605    PERSONAL INJURY
- 610    AUTO NEGLIGENCE- PROPERTY DAMAGE
- 621    UM or UIM CLAIM (includes bodily injury)
- 699    TORT - OTHER

**Track III - 450 days' discovery**
- 005    CIVIL RIGHTS
- 301    CONDEMNATION
- 602    ASSAULT AND BATTERY
- 604    MEDICAL MALPRACTICE
- 606    PRODUCT LIABILITY
- 607    PROFESSIONAL MALPRACTICE
- 608    TOXIC TORT
- 609    DEFAMATION
- 616    WHISTLE BLOWER /CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617    INVERSE CONDEMNATION
- 618    LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156    ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303    MT. LAUREL
- 508    COMPLEX COMMERCIAL
- 513    COMPLEX CONSTRUCTION
- 514    INSURANCE FRAUD
- 620    FALSE CLAIMS ACT
- 701    ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280    ZELNORN
- 285    STRYKER TRIDENT HIP IMPLANTS
- 288    PRUDENTIAL TORT LITIGATION
- 290    POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291    PELVIC MESH (Johnson & Johnson)
- 292    PELVIC MESH (Bard)

**Mass Tort (Track IV)**
- 248    CIBA GEIGY
- 266    HORMONE REPLACEMENT THERAPY (HRT)
- 271    ACCUTANE
- 274    RISPERDAL/SEROQUEL/ZYPREXA
- 275    ORTHO EVRA
- 277    MAHWAH TOXIC DUMP SITE
- 278    ZOMETA/AREDIA
- 279    GADOLINIUM
- 281    BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282    FOSAMAX
- 283    DIGITEK
- 284    NUVARING
- 286    LEVAQUIN
- 287    YAZ/YASMIN/OCELLA
- 601    ASBESTOS

If you believe this case requires a track other than that provided above, please Indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:    ☐ Putative Class Action   ☐ Title 59